FILED

November 14, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:00 AM



**COURT OF WORKERS' COMPENSATION CLAIMS**
**DIVISION OF WORKERS' COMPENSATION**

**EMPLOYEE: Darrius Higgins**

**DOCKET #: 2014-01-0007**

**STATE FILE #: 68130-2014**

**EMPLOYER: Big K Food Market &**
**Liquors, Inc.**

**DATE OF INJURY: August 6, 2014**

**SSN:**

**CARRIER: None**

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on October 6, 2014 by Darrius Higgins (Employee) against Big K Food Market & Liquors, Inc. (Employer). The Request for Expedited Hearing was filed pursuant to Tennessee Code Annotated section 50-6-239(d) to determine if the provision of medical and temporary partial disability benefits is appropriate.

An in-person Expedited Hearing was conducted by the undersigned Workers' Compensation Judge on November 3, 2014. After considering the argument of Employee's lawyer, the applicable law, all testimony and evidence introduced at the Expedited Hearing, and the technical record in his claim, the Court hereby finds that Employee is not entitled to the medical and temporary disability partial disability benefits requested.

### ANALYSIS

#### Issues

Whether Employee suffered an injury by accident which arose primarily out of and in the course and scope of his employment with Employer.

#### Evidence Submitted

The following witnesses were called by Employee's attorney and testified in person at the Expedited Hearing:

1

- Hasem Kaddoura;
- Nimat Kaddoura; and
- Bashar kaddoura.

The following exhibits were admitted into evidence at the Expedited Hearing:

- Exhibit 1   State of Tennessee Secretary of State Filing Information for Big K Food Market & Liquors, Inc.;
- Exhibit 2   Table of damages;
- Exhibit 3   Certified medical records of Erlanger Health System;
- Exhibit 4   Certified medical records of Memorial Health Care System; and
- Exhibit 5   Thumb drive containing digital recordation of surveillance camera images depicting the August 6, 2014 incident in which Employee was allegedly injured.

The Court designated the following as the technical record in this claim:

- Petition for Benefit Determination filed August 29, 2014;
- Dispute Certification Notice filed September 30, 2014;
- Employee's Request for Expedited Hearing filed October 6, 2014; and
- Employee's Request for Initial Hearing filed October 21, 2014.

The Court did not consider attachments to the above filings unless admitted into evidence at the Expedited Hearing.

**History of Claim**

This claim arises from an August 6, 2014 incident in which Employee alleges he was injured when a vehicle crashed through the front window of the corner grocery store Employee operated in Chattanooga, Tennessee. Employee filed a Petition for Benefit Determination in this claim on August 29, 2014 in which he alleges that, at the time of the above-described incident, he was present at the store while performing duties in the course and scope of his employment.

Employer is uninsured for workers' compensation risks. The Dispute Certification Notice filed in this claim on September 30, 2014 indicates it is Employer's position that Employee was not injured in the course and scope of employment. Employer did not file a First Report of Injury or a Notice of Denial, nor has it paid benefits, in this claim.

The Court scheduled an in-person Expedited Hearing on November 3, 2014. Employee's attorney proceeded with the hearing as scheduled despite the fact her client was not present. Employer was not represented by an attorney at the hearing.

2

## Employee's Contentions

Employee's attorney sought to establish his claim to the benefits requested by calling Employer's owner and her sons as witnesses. Employee's lawyer contended he suffered injuries to his neck, back, right shoulder, and right knee when a vehicle crashed through the front window of the store at which he worked as a night stock clerk. Employee's attorney insisted that Employee was in the store as an employee at the time of the occurrence of the above-described incident. Accordingly, Employee's attorney contended the injuries her client sustained arose primarily in the course and scope of his employment and he is thus entitled to an award of medical and temporary disability benefits.

## Employer's Contentions

Employee's attorney called Employer's owner and her sons as witnesses at the Expedited Hearing. Employer's contentions are taken from the technical record and from the testimony of Employer's owner and her sons at the Expedited Hearing.

Employer's owner testified that, approximately a week prior to August 6, 2014, she agreed to allow Employee to work a trial period of employment. Employer's owner stated that Employee had shopped in the store on a daily basis for years. Employer's owner testified that, when the vehicle struck the store at 1:37 p. m. on August 6, 2014, Employee was not scheduled to work and was in the store as a customer.

The sons of Employer's owner testified that they reviewed a surveillance video which shows that the vehicle which struck the store did not intrude into the area of the store then occupied by Employee. Hasem Kaddoura, a son of Employer's owner, testified he saw Employee at the scene shortly after the vehicle struck the store and he did not complain of, nor exhibit visible signs of, injury.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6). Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

3

*Dispositive Factual Finding*

In deciding this claim, this Court considered the testimony of witnesses at the Expedited Hearing and the exhibits introduced therein. This Court also considered the technical record in the claim On the basis of the above, this Court finds that, at the time he allegedly sustained the injuries which form the basis of this claim, Employee was present at Employer's premises as a customer. As such, Employee did not sustain an injury by accident which arose primarily in the course and scope of his employment and thus is not entitled to the workers' compensation benefits he seeks. This finding is dispositive of the claim and it is not necessary that the Court decide whether Employee was injured in the subject incident.

*Application of Law to Facts*

Employee's attorney proceeded with the Expedited Hearing despite the fact her client did not attend. She sought to establish her client's claim to the benefits requested by the introduction of certified medical records and through the testimony of Employer's owner and her sons, whom she called as witnesses during the hearing. Employee's attorney called for the rule of sequestration of witnesses. Hasem Kaddoura was designated to remain in the hearing room as Employer's company representative. Employee's attorney did not object to Mr. Kaddoura remaining in the hearing room. At times, Mr. Kaddoura attempted to introduce evidence by interpreting his mother's testimony. The Court sustained Employee's attorney's objection to Mr. Kaddoura's attempts to do so and did not consider as evidence any comments or testimony made in this manner.

Under Tennessee law, an injury occurs in the course and scope of employment if it: "takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto. *Wilhelm v. Krogers*, 235 S.W.3d 122, 127 (Tenn. 2007). An employee who sustains an injury on the employer's premises, but while the employee is engaged in a personal activity during non-work hours, is not entitled to workers' compensation benefits. *See Webster v. Seven-Up Bottling Co., 211 Tenn. 8, 362 S. W. 2d 244 (1962) (employee injured while meeting a co-worker at his work site to drink alcoholic beverages after hours); Parish v. Highland Park Baptist Church, 2011 Tenn. LEXIS 964 (Tenn. 2011) (employee injured riding a horse during off hours at the church camp where he was employed); McClain v. Holiday Ret. Corp., 2002 Tenn. LEXIS 506 (Tenn. Workers' Comp. P. 2002) (employee injured while packing belongings after work hours at an on-site apartment provided by employer).*

Nimat Kaddoura is Employer's owner. She was called as a witness by Employee's attorney and testified she is responsible for the day-to-day operation of the store. Mrs. Kaddoura testified that she agreed to allow Employee, a long-time customer of the store, to work at the store for a two (2)-week trial period to determine whether he or another person would be selected to fill the night stock clerk position. Mrs. Kaddoura testified that Employee's trial period of employment began five (5) days before the alleged date of injury. She testified Employee's regularly-scheduled hours were between 6:00 p. m. and 10:00 p.m.

Mrs. Kaddoura testified that, on the day Employee was allegedly injured, she asked him

4

to come in at 10:00 a. m. to observe the beer deliveries made to the store. She stated that the deliveries were completed by 11:00 a. m. and she told Employee to go home and return at his regularly-scheduled starting time of 6:00 p. m. Mrs. Kaddoura testified she was not present when the alleged injury occurred at 1:37 p. m., but that Employee was not scheduled to work at that time.

Hasem Kaddoura was called as a witness by Employee's attorney. He testified he is the son of Employer's owner, Nimat Kaddoura. He testified that he had assisted his mother in the operation of the store for the past twenty-seven and one-half (27 ½) years. Hasem Kaddoura testified that the stock clerk's duties were to stock items onto the store's shelves and to act as a watchman for the store during the evening hours. He testified there is no need for a stock clerk during the daytime hours in which the store operates.

Bashar Kaddoura was called as a witness by Employee's attorney. He testified he is the son of Employer's owner. He testified he has a better knowledge of computers than does his mother and brother Hasem and, for that reason, he reviewed the images recorded by the nine digital surveillance cameras at the store for the purpose of transferring those images onto a thumb drive to preserve them for the purpose of insurance documentation. Bashar Kaddoura testified that it was necessary to preserve the images onto a thumb drive because the cameras continuously record and have the capacity to store only twenty-four (24) days of recorded images. He testified that images recorded more than twenty-four (24) days in the past are automatically erased. He testified the thumb drive introduced as Exhibit 5 at the Expedited Hearing contains images of the moment when the vehicle struck the store at 1:37 p. m. on August 6, 2014, plus images depicting the activity which occurred in the store during the ten (10) minutes before and the ten (10) minutes after the moment of impact.

Bashar Kaddoura experienced difficulty pulling up on a computer screen the images preserved on the thumb drive. After several minutes of effort, he was able to pull up a depiction of the store recorded by an inside camera. Bashar Kaddoura testified the camera was directed at the cash register station of the store. By the spontaneous responses of the persons depicted in the video, it is apparent an unusual event occurred at the store at 1:37 p. m. on August 6, 2014 (assuming the accuracy of the date and time digitally shown on the video depiction). Employee's attorney did not dispute that the unusual event depicted on the video was that caused by a vehicle crashing through the front of the store.

The video shown at the Expedited Hearing was taken by a camera stationed at the front of the store. The camera was directed toward an area enclosed on all four (4) sides by counters. The store's cash register is located in the area depicted in the subject video. Hasem Kaddoura identified a male depicted in the recording as Employee. Employee's attorney confirmed it appeared the person identified as Employee looked like her client. During the moments before the vehicle crashed into the store, the person identified as Employee sat or stood behind, but not inside, the counter of the cash register area nearest the back of the store.

During the several minutes depicted by the recording, Employee did not put up stock nor appear to perform any other activity which benefitted Employer's course of business. Nothing depicted in the recording rebuts the testimony of Nimat Kaddoura that, at the time the vehicle

5

struck the front of Employer's store, Employee was in the store as a customer or otherwise in furtherance of a personal mission. Employee was not present at the hearing to testify and, as such, did not offer evidence of what he was doing at the time the vehicle struck the store. Employee's attorney did not present evidence that the time and date depicted by the video was incorrect.

Based primarily on the testimony of Nimat Kaddoura, this Court finds that the preponderance of the evidence introduced at the Expedited Hearing indicates that, when the alleged injurious incident occurred, Employee was present at Employer's premises at a time of day outside his regularly-scheduled hours. This Court further finds that, at the time the vehicle struck Employer's store, Employee was not engaged in activity in the course and scope of his employment with Employer. Accordingly, this Court finds that, if this issue proceeds to a Compensation Hearing on the evidence presented, Employee is unlikely to prevail in his burden of establishing that he was injured primarily in the course and scope of his employment by Employer. *See McCall v. Nat'l Health Care Corp., supra.*

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Employer against Employer for the medical and temporary disability benefits requested is denied on the grounds that the alleged injury is not compensable because it did not arise primarily in the course and scope of his employment by Employer; and

2. This claim is set for Initial Hearing at 9:30 a. m. on Tuesday, November 25, 2014. The Initial Hearing shall be conducted by telephone. The parties shall telephone the Court at 855-747-1721 (toll free) or 615-741-3061 on the date and at the time set forth above.

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on November 25, 2014, at 9:30 a.m. Eastern Standard Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing.
Please Note: You must call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 14TH DAY OF NOVEMBER, 2014.

Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
540 McCallie Avenue, Suite 600
Chattanooga, TN 37402

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 14th day of November, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Carmen Ware, Atty. | | | | | X | cyware@thewarelawfirm.com |
| Big K Food Market & Liquors, Inc. | | X | | | | Mail c/o Hasem Kaddoura, 8 Trenton Street, Red Bank, TN 37415 |

_____

**Thomas Wyatt**
**Workers' Compensation Judge**